IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-00441-REB-MJW

ERNEST WEST,

    Plaintiff,

v.

JOE ORTIZ, Executive Director of the Colorado Department Of Corrections (C.D.O.C).,
FOUR MILE CORRECTIONAL CENTER – WARDEN (CARL ZENON),
ARKANSAS VALLEY CORRECTIONAL FACILITY – WARDEN (RON LEYBA),
C.C.A. CORRECTIONAL CORPORATION OF AMERICA,
BENT COUNTY CORRECTIONAL FACILITY – WARDEN (JIM KEITH), and
JOHN/JANE DOES, 1-X,

    Defendants.
_____

## ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT
## PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
_____

**Blackburn, J.**

The matters before me are (1) the **CDOC Defendants' Motion to Dismiss Third Amended Complaint** [#34], filed November 28, 2005; and (2) the **Motion to Dismiss of Defendants Correctional Corporation of America and Bent County Correctional Facility Warden Jim Keith** [#33], filed November 22, 2005. I grant the CDOC defendants' motion in part, deny CCA and Keith's motion as moot, and dismiss plaintiff's claims without prejudice.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW.

Because the exhaustion requirements of the Prisoner Litigation Reform Act are not jurisdictional, a motion to dismiss premised on the failure to exhaust should be analyzed under the standards of Rule 12(b)(6).  **Steele v. Federal Bureau of Prisons**, 355 F.3d 1204, 1212 (10th Cir. 2003), **cert. denied**, 125 S.Ct. 344 (2004).  When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

## III.  ANALYSIS

Plaintiff claims that defendants violated his civil rights by failing to protect him from racially motivated assaults by other inmates while he was incarcerated at various

correctional facilities in the state of Colorado from 2002 through 2005.  The CDOC defendants claim, *inter alia*, that plaintiff's Third Amended Complaint fails to adequately demonstrate that he has exhausted his administrative remedies with respect to the various incidents underlying these allegations.  Plaintiff counters that he need not prove exhaustion because he was released on parole on May 2, 2005, and thus is no longer subject to the strictures of the Prison Litigation Reform Act ("PLRA").[1]

The law is to the contrary.  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although this exhaustion requirement does not apply to a plaintiff who is no longer incarcerated, **Norton v. City of Marietta, Oklahoma**, 432 F.3d 1145, 1150-51 (10th Cir. 2005), "it is the plaintiff's status *at the time he files suit* that determines whether § 1997e(a)'s exhaustion provision applies," *id*. at 1150 (emphasis added).

There is no question here but that plaintiff was still incarcerated at the time he filed this lawsuit in March, 2005.  Section 1997e(a) therefore requires him to prove that he has exhausted all available administrative remedies.  Where section 1997e(a) applies, the plaintiff must not only affirmatively plead exhaustion but also "attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its

---

[1] Although plaintiff thus was not incarcerated at the time he filed the Third Amended Complaint, he was arrested on February 3, 2006, on a parole violation and is currently housed at the Denver City Jail. (***See*** Supplement to Response to Defendants Joe Ortiz, Carl Zenon, and Joe [sic] Leyba's Motion to Dismiss Third Amended Complaint at 2 [#50], filed February 9, 2006.)

outcome." ***Steele***, 355 F.3d at 1210 (internal quotation marks and citation omitted; alteration in original).

The Third Amended Complaint does not meet this pleading standard. The totality of its allegations pertinent to exhaustion are set forth in the following three paragraphs:

> 13. Plaintiff filed grievances complaining of [threats and harassment by other inmates] and twice requested to file charges on those inmates. The requests were denied by Defendants.
>
> 14. Plaintiff continued filing grievances concurrent with 6 additional assaults by inmates.
>
> 15. Plaintiff received a response from Defendants on October 7, 2004 written by a CDOC Grievance Officer stating "in order for any action to be taken regarding offender attacks upon you(, you) must provide a security staff the names and details of the attack." The letter further stated, "Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies."

(Third Am. Compl. At 4, ¶¶ 13-15.) At best, these allegations show that plaintiff has exhausted his administrative remedies with respect to a single incident.[2] Plaintiff,

---

[2] Plaintiff chose not attach any copies of his internal grievances to the Third Amended Complaint, even though he had attached such documentation to earlier versions of the complaint. In being ordered to file the Third Amended Complaint, he was specifically cautioned that the amended complaint would supersede his past pleadings and "therefore, must stand on its own." (Order Directing Plaintiff to File Third Amended Complaint at 2 [#19], filed August 18, 2005.) Nevertheless, I have reviewed the documentation attached to the original and amended complaints and find nothing therein demonstrating that plaintiff has exhausted any remedies other than those described in paragraph 15 of the Third Amended Complaint. That grievance involved an attack on plaintiff that occurred on June 5, 2004, at the Arkansas Valley Correctional Facility. (*See* Complaint [#1], filed March 10, 2005, appendix, unnumbered exhibits, Grievance Number AV04/05-008 & letter of October 7, 2004, from Anthony A. DeCesaro.) It is notable that although plaintiff complained in that grievance about earlier attacks dating back to 2002, those incidents allegedly happened at other correctional facilities. There is no allegation or evidence that plaintiff ever filed grievances with respect to those attacks or has exhausted those other facilities' internal grievance procedures.

4

however, is suing a number of different officials at different correctional facilities for incidents that allegedly occurred over a period of three years. The presence of a single exhausted claim thus is not sufficient to save his complaint from dismissal. "If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." ***Ross v. County of Bernalillo***, 365 F.3d 1181, 1190 (10th Cir. 2004). Such is the course I must follow here.

The section 1983 claim is the only basis supporting original federal jurisdiction in this case. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiff's state law negligence claim without prejudice.

## IV.  CONCLUSION

Plaintiff's federal claims should be dismissed without prejudice for failure to exhaust administrative remedies. I decline to exercise supplemental jurisdiction over his pendant state law negligence claims, and those claims likewise should be dismissed without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **CDOC Defendants' Motion to Dismiss Third Amended Complaint** [#34], filed November 28, 2005, is **GRANTED IN PART**;

2. That the motion is **GRANTED** insofar as it seeks dismissal of plaintiff's claims

for failure to exhaust administrative remedies;

     3. That the **Motion to Dismiss of Defendants Correctional Corporation of America and Bent County Correctional Facility Warden Jim Keith** [#33], filed November 22, 2005, is **DENIED AS MOOT**;

     4. That plaintiff's First Claim for Relief, alleging violation of his civil rights pursuant to 28 U.S.C. § 1983, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

     5. That plaintiff's Second Claim for Relief, alleging negligence resulting in bodily injury under Colorado state law, is **DISMISSED WITHOUT PREJUDICE**.

Dated March 21, 2006, at Denver, Colorado.

                               **BY THE COURT:**

                               **s/ Robert E. Blackburn**
                               **Robert E. Blackburn**
                               **United States District Judge**