**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 05-cv-00441-REB-MJW

ERNEST WEST,

    Plaintiff,

v.

JOE ORTIZ, Executive Director of the Colorado Department Of Corrections (C.D.O.C).,
FOUR MILE CORRECTIONAL CENTER – WARDEN (CARL ZENON),
ARKANSAS VALLEY CORRECTIONAL FACILITY – WARDEN (RON LEYBA),
C.C.A. CORRECTIONAL CORPORATION OF AMERICA,
BENT COUNTY CORRECTIONAL FACILITY – WARDEN (JIM KEITH), and
JOHN/JANE DOES, 1-X,

    Defendants.
_____

**ORDER**
_____

**Blackburn, J.**

The matter before me is a letter [#64], filed April 27, 2006, from plaintiff to the court. I construe this letter as both a notice of appeal of my order dismissing plaintiff's case for failure to exhaust, and as a motion for reconsideration of that order. I have jurisdiction to consider plaintiff's request for reconsideration pursuant to Fed.R.Civ.P. 60(b).

I dismissed plaintiff's complaint without prejudice for failure to exhaust administrative remedies. The evidence before me at that time was that plaintiff had been released to parole on May 2, 2005, and that he "had not been [incarcerated] since March of 2005." (**See** Response to Defendants Joe Ortiz, Carl Zenon, and Joe Lebaya's Motion to Dismiss Third Amended Complaint at 6 [#43], filed December 19, 2005.) Based on those representations, I found that plaintiff, who filed this suit on

March 3, 2005, was required to exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because he was incarcerated at the time he filed this lawsuit.  (Order Dismissing Plaintiff's Claims Without Prejudice for Failure to Exhaust Administrative Remedies at 3 [#59], filed March 22, 2006 (citing ***Norton v. City of Marietta, Oklahoma***, 432 F.3d 1145, 1150-51 (10th Cir. 2005).)

However, in his letter to the court, plaintiff states that he was released from prison on March 2, 2005, and filed this lawsuit the following day.  (Letter at II.)  It therefore appears that the factual underpinnings of my order dismissing this case may be unsound.  For that reason, I enter the following orders:

**THEREFORE, IT IS ORDERED**, as follows:

1.  That plaintiff's letter [#64], filed April 27, 2006, construed as a motion to reconsider, is **GRANTED**;

2.  That plaintiff **SHALL SUBMIT** competent evidence on the issue of whether he was incarcerated as of the date he commenced this action by no later than close of business on **Monday, May 22, 2006**;

3.  That defendants **MAY FILE** a response to the plaintiff's submission, including any competent evidence relevant to the issue of when plaintiff was released from incarceration relative to his filing of this lawsuit, by no later than close of business on **Monday, June 12, 2006**; and

4.  That based on the parties' submissions, the court may order a hearing, decide the matter on the papers, or enter such further orders or take such further actions as it determines are necessary.

March 3, 2005, was required to exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because he was incarcerated at the time he filed this lawsuit.  (Order Dismissing Plaintiff's Claims Without Prejudice for Failure to Exhaust Administrative Remedies at 3 [#59], filed March 22, 2006 (citing ***Norton v. City of Marietta, Oklahoma***, 432 F.3d 1145, 1150-51 (10th Cir. 2005).)

However, in his letter to the court, plaintiff states that he was released from prison on March 2, 2005, and filed this lawsuit the following day.  (Letter at II.)  It therefore appears that the factual underpinnings of my order dismissing this case may be unsound.  For that reason, I enter the following orders:

**THEREFORE, IT IS ORDERED**, as follows:

1.  That plaintiff's letter [#64], filed April 27, 2006, construed as a motion to reconsider, is **GRANTED**;

2.  That plaintiff **SHALL SUBMIT** competent evidence on the issue of whether he was incarcerated as of the date he commenced this action by no later than close of business on **Monday, May 22, 2006**;

3.  That defendants **MAY FILE** a response to the plaintiff's submission, including any competent evidence relevant to the issue of when plaintiff was released from incarceration relative to his filing of this lawsuit, by no later than close of business on **Monday, June 12, 2006**; and

4.  That based on the parties' submissions, the court may order a hearing, decide the matter on the papers, or enter such further orders or take such further actions as it determines are necessary.

Dated May 3, 2006, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**